# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD TAULLI,<br><br>    Plaintiff,<br><br>v.<br><br>RANCHO NEVADA-NEVADA ESTATES HOMEOWNERS ASSOCIATION, INC., NEVADA ASSOCIATION SERVICES, INC.,<br><br>    Defendant. | Case No. 2:11-CV-01760-KJD-VCF<br><br>**ORDER** |

Presently before the Court is Defendant Rancho Nevada – Nevada Estates Homeowners Association, Inc.'s ("Rancho") Motion to Dismiss (#8). Plaintiff Richard Taulli ("Plaintiff") filed an opposition (#11) to which Defendant Rancho replied (#12). Defendant Nevada Association Services, Inc. ("NAS") filed a Joinder (#13) to the motion to dismiss.

**I. Background**

Plaintiff's complaint arises from homeowner's association fees for Plaintiff's residence at 2808 Cowan Circle in Las Vegas, NV ("the Property"). Plaintiff alleges he never received notification of a change or increase in the homeowner's fees or assessments on the Property. Plaintiff received notice of past due fees on the Property and subsequently mailed Defendant Rancho a

notification stating Plaintiff had prepaid his homeowner's association fees for several months in advance.

Plaintiff asserts Defendant Rancho had sent a revised invoice showing Plaintiff's payments properly credited until the end of the year with nothing owing for that time period. Plaintiff alleges that he subsequently received a new coupon book for 2011, which contained the normal fees along with additional fees marked "Reserve Assessment." Subsequently, Defendants mailed Notice of Default and Election to Sell under Homeowners Association Lien. Defendants have since caused the lien on the Property to be released. Plaintiff asserts Defendant NAS continues to attempt to collect assessment fees and threatens foreclosure if Plaintiff does not pay past due fees.

Plaintiff filed the present action in state court on September 9, 2011. Plaintiff's complaint asserts four causes of action: slander of title, violation of the Fair Debt Collection Practices Act ("FDCPA"), declaratory relief, and injunctive relief. Defendants then removed the present action. Defendants now argue the present action should be dismissed pursuant to Fed. R. Civ. P. 12 (b) (6) and NRS 38.310, because the claim relates to procedures for imposing and enforcing assessments upon residential property.

**II. Motion to Dismiss Standard**

Pursuant to Fed. R. Civ. P. 12 (b) (6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit Partnership v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

**III. Discussion**

    **A. Dismissal Pursuant to NRS 38.310**

NRS 38.310 (1) states: "No civil action based upon a claim relating to . . . The procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation or

2

arbitration." Nev. Rev. Stat.§ 38.310 (2011). Additionally, NRS 38.310 (2) states, "A court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." *Id*.

Under NRS Chapter 38, "Assessments" are defined as: "Any charge which an association may impose against an owner of residential property pursuant to a declaration of covenants, conditions and restrictions, including any late charges, interest and costs of collecting the charges [.]" Nev. Rev. Stat. § 38.300 (2011).

Defendants argue Plaintiff's action must be dismissed subject to NRS 38.310 because the claim arises out of a dispute regarding the enforcement and collection of homeowner's association fees. Plaintiff's claims dispute the validity of the homeowners association assessments and clearly fall within NRS Chapter 38. Disputes, such as the present action, must be submitted to arbitration or mediation prior to commencement of a civil action. Accordingly, Plaintiff's complaint is subject to dismissal pursuant to NRS 38.310.

### B. Injunctive Relief

Under NRS 38.300, a "civil action" is defined as "includ[ing] an action for money damages or equitable relief." This definition excludes "an action in equity for injunctive relief in which there is an immediate threat of irreparable harm or an action relating to the title of residential property." *Id*.; *Hamm v. Arrowcreek Homeowners' Ass'n*, 14 Nev. 290, 296, 183 P.3d 895, 900 (2008). "Immediate" means instant or direct. Harm is "irreparable" if it cannot be relieved by compensatory damages. *Hamm*, at 297, 901.

It is possible that a court could find a property owner irreparably harmed by the existence of a lien. The Nevada Supreme Court has held that a foreclosure may cause irreparable harm, because real property may be considered unique. *Id*. However, "a lien is merely a preliminary step to foreclosure and does not itself instantly implicate the loss of unique real property." *Id*. "Property owners must allege and prove an irreparable harm 'apart from the existence of the liens themselves.'" *Id*. (quoting *LCN Real Estate v. Borough of Wyoming*, 117 Pa. Cmwlth. 260, 272, 544 A.2d 1053, 1059 (1988). A lien alone does not constitute an immediate threat of irreparable harm. *Id*. at 298, 901.

A lien is a monetary encumbrance on property, which clouds title. However, the lien exists separately from that title and therefore, an action simply to remove the lien does not "relate to" residential title so as to fall outside the scope of NRS 38.310. *Hamm*, at 298, 901-02. The right to control and dispose of property remains with the property owner until a lien is enforced through foreclosure proceedings. *Id*. at 299, 902.

Plaintiff asserts Defendants continued to attempt to collect past due fees and threaten immediate foreclosure on the Property. Plaintiff's argument that irreparable harm was caused by the Notice of Default is now moot because no foreclosure proceedings are pending. Accordingly, Plaintiff has not suffered irreparable harm.

Plaintiff also argues Defendants' lien on the Property has clouded title. However, Defendants have demonstrated that the lien on the Property was released. There are no other encumbrances asserted by Plaintiff that allegedly cloud Plaintiff's title. Moreover, even if the lien had not been released, the Nevada Supreme Court has held that the property owner must demonstrate irreparable harm apart from the lien. Plaintiff has failed to assert additional risks of irreparable harm. Now that the lien has been released, the action does not relate to the title of property under NRS 38.300.

### C. Slander of Title and Fair Debt Collection Practices Act

Plaintiff asserts a claim for slander of title against Defendant Rancho and a claim for violation of FDCPA against Defendant NAS. However, since the complaint arises from the assessments, Plaintiff was required to submit to arbitration or mediation first. "A court shall dismiss any civil action which is commenced in violation of [NRS 38.310(1)]." Nev. Rev. Stat. § 38.310 (2011). Accordingly, all claims against all parties must be dismissed.

///

///

///

///

///

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED THAT** Defendants' Motion to Dismiss (# 8) is **GRANTED.**

DATED this 8th day of June 2012.

_____
Kent J. Dawson
United States District Judge